UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA,
    *ex rel.*
JOHN PANARELLO,

                            Plaintiff,
  v.                                                   **DECISION AND ORDER**
                                                                 11-CV-353S

KAPLAN EARLY LEARNING COMPANY,

                            Defendant.
_____

## I. INTRODUCTION

Relator John Panarello commenced this *qui tam* action on behalf of the United States in April 2011, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq*. Relator alleges that Defendant Kaplan Early Learning Company submitted false claims for work performed by workers who were not paid the prevailing wage rate required by the Davis-Bacon Act. Defendant moves this Court to dismiss the Amended Complaint pursuant to sections 12(b)(5) and (6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion is granted to the extent it seeks dismissal of the Amended Complaint for failure to state a claim.

## II. BACKGROUND

As alleged in the Amended Complaint, Defendant, a North Carolina corporation, submitted false claims:

> in connection with playground construction contracts with the United States, including its agencies or departments and/or one or more federally-funded entities, where the playground construction work was performed by workers who were required to be paid prevailing wages pursuant to the Davis-Bacon

Act, but where those workers were not paid the prevailing wages and/or [Defendant] otherwise violated the Davis-Bacon Act.

(Am. Compl. ¶¶ 10, 15, Docket No. 19); see 40 U.S.C. § 3141 et seq. The Davis-Bacon Act requires every construction contract with the United States to include a term providing that construction workers will be paid the prevailing wage, and requiring that the contractor certify its requirements with the Act. (Am. Compl. ¶ 17); see 40 U.S.C. § 3142(c).

Since 2004, Defendant has been awarded playground construction contracts by "U.S. Government purchasers which are financed with federal funds," including federally-funded Head Start Programs, hospitals, elementary and secondary schools, and/or public colleges. (Am. Compl. ¶¶ 22, 26.) Defendant would only comply with Davis-Bacon Act when expressly required to do so by a "minority" of these purchasers. (Am. Compl. ¶¶ 53, 56, 59-61.) In such cases, Defendant would insert "a cursory reference to the payment of prevailing wages in its contract documents with the purchaser," but would not advise the subcontractor of such terms, direct that workers be paid the applicable prevailing wage rates, or prepare and submit certified payroll records. (Am. Compl. ¶ 61-63.) Where the purchaser did not affirmatively require compliance, Defendant would include "a putative prevailing wage disclaimer in the contract documents it drafted." (Am. Compl. ¶ 67.) Relator alleges that this failure to abide by the Davis-Bacon Act's requirements gave Defendant "a competitive advantage as against any competitor whose labor costs were higher because of that competitor's compliance with the prevailing wage requirements of the Davis-Bacon Act." (Am. Compl. ¶ 65.)

Relator's company, Celtic Builders, Inc., was one of Defendant's subcontractors from 2004 to 2010. (Am. Compl. ¶¶ 33-35.) During that time, Defendant "submitted claims

to the U.S. Government or to other U.S. Government funded purchasers, for payments under Playground Construction Contracts with Celtic as the subcontractor in a total amount of not less than Six Million Dollars." (Am. Compl. ¶ 38.)

### III. DISCUSSION

Defendant moves to dismiss the Amended Complaint pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure. (Docket No. 30.) Defendant argues that there was insufficient service of process, and that in any event, the Amended Complaint fails to state a viable FCA cause of action. Defendant further argues that any claim that accrued prior to April 22, 2005 is barred by the applicable six-year statute of limitations.

**A.  Sufficiency of Process**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). In the face of a Rule 12(b)(5) challenge, the plaintiff bears the burden of proving the adequacy of service of process. Mende v. Milestone Technology, Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

Absent a waiver by the defendant, a domestic or foreign corporation must be served in a manner that complies with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  A company or corporation may also be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service

of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant" Fed. R. Civ. P. 4(h)(1)(B).

Here, an affidavit of service indicates that a summons was served on the North Carolina Secretary of State on May 28, 2013.[1] (Docket No. 23.) Defendant objects on the ground that, under North Carolina law, the Secretary of State becomes the authorized agent for service only under certain circumstances, such as where no registered agent has been appointed by the corporate entity or that agent cannot with due diligence be located. (Def's Mem of Law at 22-23 (citing N.C. Gen. Stat. § 55D-33(b)).) Defendant argues that it has a registered agent, and therefore service on the North Carolina Secretary of State was improper.

Even where initial service is insufficient, this Court has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985) Defendant does not dispute that on August 12, 2013, following the filing of this motion to dismiss, Relator properly served a copy of the summons and complaint upon Defendant's registered agent. (Decl of Brian M. Melber, Esq, ¶ 57 Ex M.) Further, the parties' initially attempted to reach an agreement for the acceptance of service by Defendant's counsel in May 2013, at which time Defendant was provided with a copy of the Amended Complaint. (Melber Decl Exs J-K.) Relator also had received a letter in June 2013 from the North Carolina Secretary of State's office indicating that service had been effected on Defendant. (Id. Ex L.) This Court therefore finds dismissal based on untimely service unwarranted. Cf. Yoonessi v. N.Y.

---

[1]This matter was not unsealed until after the Government declined to intervene in March 2013.

State Bd. for Prof. Med. Conduct, No. 03-CV-871S, 2005 WL 645223, *15 (W.D.N.Y. Mar. 21, 2005) (dismissal generally warranted if service not effected within Rule 4's 120 day time frame absent good cause or excusable neglect for the delay), *aff'd*, 162 F. App'x 63 (2d Cir. 2006).

**B.     Failure to State a Claim**

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), this Court must accept all factual allegations in the complaint as true and make all reasonable inferences in Relator's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678.  "A claim has facial plausibility when the [relator] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Defendant argues that the Amended Complaint must be dismissed because (1) Relator cannot show that the Davis-Bacon Act applies to any claims nominally identified in the Amended Complaint; (2) Relator failed to plead claims that are plausible on their face with the particularity required to survive the heightened scrutiny of Rule 9(b) of the Federal Rules of Civil Procedure; and (3) several of the alleged fraudulent claims are barred by the FCA's six-year statute of limitations.  Defendant further argues that it is

entitled to reasonable attorneys' fee.

Relator concedes that the Amended Complaint fails to state either a conspiracy (§ 3729(a)(1)(C)) or "reverse false claim" (§ 3729(a)(1)(G)). (Rel's Mem in Opp'n at 9, Docket No. 37.)  Remaining therefore are Relator's claims in the first and second causes of action that, first, Defendant "knowingly presented, or caused to be presented, false or fraudulent claims to the United States Government for payment or approval, including claims for payment with respect to Playground Construction Contracts with respect to which [Defendant] failed to comply with the Davis-Bacon Act, in violation of the FCA, 31 U.S.C. § 3729(a)(1)(A)." (Am. Compl. ¶¶ 75, 82.) Second, that Defendant "knowingly made, used, or caused to be made or used, false records or statements material to its false or fraudulent claims in violation of the FCA, 31, U.S.C. § 3729(a)(1)(B)." (Am. Compl. ¶¶ 76, 83.)

      1.     <u>Failure to State a Claim</u>

Initially, Defendant correctly asserts that a claim made under the False Claims Act is subject to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. <u>Gold v. Morrison-Knudsen Co.</u>, 68 F.3d 1475, 1476-77 (C.A.2 (N.Y.),1995), *cert denied*, 517 U.S. 1213 (1996).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  This provision does not conflict with the FCA's caveat that "no proof of specific intent to defraud is required" to state a claim under it, 31 U.S.C. § 3729(b)(1)(B), inasmuch as Rule 9(b) similarly allows for "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally."  Fed. R. Civ. P. 9(b); <u>see</u> <u>Gold</u>, 68 F.3d at 1477.  "Rule 9(b) is designed to further three goals: (1) providing a defendant fair notice of plaintiff's claim, to

enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike [or other such nuisance] suits." DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987). Accordingly, a claim sufficiently stated in accordance with this rule must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir.1993).

Relator argues that, with respect to the FCA, an "allegation that a claim was presented need only satisfy the general notice pleading requirements of Rule 12, and need not be pled with the heightened particularity strictures of Rule 9(b)." (Rel's Mem in Opp'n at 5 (citing United States ex rel. Folliard v. CDW Tech. Servs., Inc., 722 F. Supp. 2d 20, 26-27 (D. D.C. 2010).) He asserts that the Amended Complaint is therefore sufficient because the allegations therein allow for a reasonable inference that Defendant submitted fraudulent claims for payment sometime between 2004 and 2010. (Rel's Mem in Opp'n at 6.) In short, Relator argues that he has sufficiently alleged a fraudulent scheme on the part of Defendant.

The first problem with this argument is that the scheme Relator describes is one of non-compliant rather than fraudulent behavior. The FCA "attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.'" Johnson v. Univ. of Rochester Med. Ctr., 686 F. Supp. 2d 259, 265 (W.D.N.Y. 2010) (quoting United States ex rel. Polansky v. Pfizer, Inc., No. 04–cv–0704 (ERK), 2009 WL 1456582, *5 (E.D.N.Y. May 22, 2009)), *appeal dismissed*, 642 F.3d 121 (2011). "Thus, '[s]tanding alone, allegations of violations of federal regulations or laws are insufficient if

7

a plaintiff cannot identify with particularity any actual false claims submitted by defendant to the government.' " Johnson, 686 F. Supp. 2d at 265 (quoting United States ex rel. Smith v. Yale Univ., 415 F. Supp. 2d 58, 85 (D.Conn. 2006)).

Relator alleges that Defendant had "a policy and practice of avoiding and ignoring whenever possible [its] obligations under the Davis-Bacon Act in regard to the Playground Construction Contracts and complied with those requirements only when, and only to the extent that, such compliance was demanded by some third party." (Am. Compl. ¶ 59.) However, he asserts that, in the "majority" of cases, rather than hiding its non-compliance, Defendant would place language in the construction contract specifically disclaiming any prevailing wage requirement. (Am. Compl. ¶ 64, 67.)  There is also no allegation that Defendant in fact falsified payroll records or other indicia of compliance, or charged purchasers for unpaid wages.  See United States ex rel. Windsor v. DynCorp, Inc., 895 F. Supp. 844, 850 (E.D.Va. 1995) ("There is simply no falsity, no misrepresentation, in a contractor's failure to submit required payroll reports or to do so in a timely fashion."). Indeed, Relator asserts that Defendant used the cost-savings from its non-compliance to gain a competitive advantage. (Am. Compl. ¶ 65.)[2]  Further, the allegation that appropriate instructions were not given to the subcontractor is limited to only some, *but not all*, cases where a "cursory reference to the payment of prevailing wages" was included in a contract. (Am. Compl. ¶¶ 53, 62-63.)  It would therefore appear that only a fraction of the "hundreds of Playground Construction Contracts" referenced in the Amended Complaint might, if

---

[2] In light of this, it is unclear what distinction Relator is making between the claims in Count 1 of the Amended Complaint, labeled "Davis-Bacon Violations-Overcharging," and Count 2, labeled "Davis-Bacon Violations Regulatory Fraud."

more specifically identified, form a basis for individual FCA claims under an implied certification theory. (Am. Compl. ¶ 52); see generally United States ex rel. Colucci v. Beth Israel Medical Ctr., 785 F. Supp. 2d 303, 311 (S.D.N.Y. 2011) (an implied false certification claim is viable only in limited circumstances). The allegations are insufficient, however, to support a reasonable inference that Defendant was engaged in a consistent, ongoing fraudulent scheme to either present false or fraudulent claims for payment (31 U.S.C. § 3729(a)(1)(A)) or to make or use false records or statements material to a false or fraudulent claim (§ 3729(a)(1)(B)).

The second problem is that the more lenient "fraudulent scheme" standard asserted by Relator has not found acceptance in this circuit. Although the Second Circuit Court of Appeals has not specifically addressed this issue, "the weight of the authority from district courts within this Circuit is that where an alleged FCA violation involves the submission of a false claim to the Government for reimbursement, the details of that false claim must be pled with particularity." United States ex rel. Siegel v. Roche Diagnostics, Corp., – F. Supp. 2d –, 2013 WL 6847689, *4 (E.D.N.Y. 2013) ; see Polansky, 2009 WL 1456582 at *8; United States ex rel. Smith v. N.Y. Presbyterian Hosp., No. 06 Civ. 4056(NRB), 2007 WL 2142312, *6-7 (S.D.N.Y. July 18, 2007) ("sketch[ed] out" allegations of scheme insufficient absent detail about the theory of fraud and specifics of who submitted fraudulent claims and when). Indeed, in concluding that it applied to FCA claims, the Second Circuit relied Rule 9(b)'s requirement that the circumstances constituting fraud be stated with particularity "in *all averments of fraud*." (Gold, 68 F.3d at 1476 (emphasis in original)(quoting Rule 9(b)).

Thus: "[u]nderlying schemes and other wrongful activities that result in the

9

submission of fraudulent claims are included in the 'circumstances constituting fraud or mistake' that must be pled with particularity pursuant to Rule 9(b)," these "pleadings invariably are inadequate unless they are linked to allegations, stated with particularity, of *the actual false claims* submitted to the government that constitute the essential element of an FCA qui tam action."

United States ex rel. Mooney v. Americare, Inc., No. 06–CV–1806 (FB)(VVP), 2013 WL 1346022, *3 (E.D.N.Y. Apr. 3, 2013) (emphasis added) (quoting United States ex rel. Karvelas v. Melrose–Wakefield Hosp., 360 F.3d 220, 232–33 (1st Cir.2004), *abrogated on other grounds by* Allison Engine Co. v. United States ex rel. Sanders, 553 U.S. 662, 128 S. Ct. 2123, 170 L. Ed. 2d 1030 (2008)).

A relator cannot therefore "circumscribe the Rule 9(b) pleading requirements by alleging a fraudulent scheme in detail and [summarily] concluding, that as a result of the fraudulent scheme, false claims must have been submitted." Polansky, 2009 WL 1456582 at *5; Johnson, 686 F. Supp. 2d at 266 (mere speculation that a claim might exist is insufficient). Even "where the alleged fraud is particularly complex, involves a large number of occurrences, or took place over an extended period of time," a situation that does not appear to be present here, "the claim must still allege a factual nexus between the improper conduct and the resulting submission of a false claim to the government." Johnson, 686 F. Supp. 2d at 266.

This Court also finds without merit Relator's argument that the information regarding specific invoices or demands for payment is within Defendant's exclusive control. (Rel's Mem in Opp'n at 7.) This information is also available from the "Government purchasers," such as those listed in Exhibit A to the Amended Complaint. Siegel, 2013 WL 6847689 at *5 (relaxation of Rule 9(b)'s pleading requirement inappropriate where information was

in the hands of third party medical providers); Polansky, 2009 WL 1456582 at *8 (reduced pleading burden inappropriate where information obtainable from third parties). Indeed, in light of Relator's knowledge of the specific projects on which it acted as the subcontractor, (Am. Compl. ¶ 37), it is unclear why Relator's allegations could not have been pled with the particularity required by Rule 9(b).

Finally, the lack of specificity in Relator's complaint precludes any reasoned consideration of the applicability of the Davis-Bacon Act to any particular claim; Defendant's statute of limitations defense; or whether any of the alleged § 3729(a)(1)(A) claims occurred prior to May 20, 2009, at which time this section required that an allegedly fraudulent claim be presented directly to a governmental or military employee, thereby precluding liability for false claims presented to a governmental contractor even where governmental funds were expended as a result. See 31 U.S.C. § 3729(a)(1)(A); Pub.L. No. 111–21, § 386, 123 Stat. 1617 (2009); United States ex rel. Totten v. Bombadier Corp., 380 F.3d 488, 502 (D.C. Cir.2004) (no liability for allegedly fraudulent claim presented to Amtrack, not the U.S. Government). Dismissal for failure to state a claim is therefore appropriate.

    2.    Leave to Amend

Generally, although district courts have broad discretion on this issue, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend" unless the plaintiff has already had an opportunity to plead fraud with greater specificity. Luce v. Edelstein, 802 F.2d 49, 56-57 (2d Cir. 1986). Relator has already amended the complaint once, and his request for leave to amend in the event this Court finds dismissal warranted

is perfunctory. Nonetheless, that amendment occurred prior to Defendant's challenge on Rule 9(b) grounds. The Amended Complaint is therefore dismissed without prejudice to Relator filing, within 45 days of the date of this order, a Second Amended Complaint that meets the requisites of Rule 9(b).

    3.    <u>Attorneys' Fees</u>

Defendant requests that this Court award it attorneys' fees because Realtor failed to identify a single false statement or claim. (Def's Mem of Law at 24.) The FCA permits an award of "reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4); <u>United States ex rel. Rosner v. WB/Stellar IP Owner, L.L.C.</u>, 739 F. Supp. 2d 396, 403 (S.D.N.Y. 2010). Here, dismissal is being granted without prejudice. Further, this Court does not find that the Amended Complaint or the proceedings thus far reflect the sort of "tawdry drama" which warrants the imposition of fees. <u>United States rel. Mikes v. Straus</u>, 98 F. Supp. 2d 517, 517-18 (S.D.N.Y. 2000), *aff'd*, 274 F.2d 687 (2d Cir. 2001).

## IV. CONCLUSION

Defendant's motion is granted to the extent it seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim with the particularity required by Rule 9(b), and otherwise denied.

## V. ORDERS

IT HEREBY IS ORDERED that Defendant's Motion to Dismiss (Docket No. 30) is GRANTED in part and DENIED in part;

FURTHER, that the Amended Complaint is dismissed without prejudice to Relator filing, within 45 days of the date of this order, a Second Amended Complaint that meets the requisites of Rule 9(b);

FURTHER, that, in the event the Relator does not timely file a Second Amended Complaint, the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated: March 31, 2014
      Buffalo, New York

<u>/s/William M. Skretny</u><br>
WILLIAM M. SKRETNY<br>
Chief Judge<br>
United States District Court