UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA,
*ex rel.* JOHN PANARELLO,

                Plaintiff,

   v.                                        **DECISION AND ORDER**
                                                      11-CV-353S

KAPLAN EARLY LEARNING COMPANY,

                Defendant.
_____

## I. INTRODUCTION

Relator John Panarello commenced this *qui tam* action on April 22, 2011, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq. In particular, Relator alleged that Defendant Kaplan Early Learning Company submitted false claims for work performed by workers who were not paid the prevailing wage rate required by the Davis-Bacon Act, 40 U.S.C. § 3141 et seq.

On March 31, 2014, this Court dismissed Relator's amended complaint for failure to state a claim upon which relief could be granted, with leave to re-plead. See United States ex rel. Panarello v. Kaplan Early Learning Co., No. 11-CV-353S, 2014 WL 1315367 (W.D.N.Y. Mar. 31, 2014). Thereafter, Relator timely filed a second amended complaint on June 16, 2014, which Defendant promptly moved to dismiss on August 1, 2014. (Docket No. 46.) Defendant again seeks dismissal pursuant to Rules 9 (b) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant also seeks to quash third-party subpoenas that Relator seeks leave to pursue. (Docket Nos. 48, 57.) For the reasons stated below, Defendant's motion to dismiss is granted in part and denied in part and the motions related to third-party subpoenas are denied as moot.

## II. BACKGROUND

This Court previously found the allegations in Relator's amended complaint "insufficient . . . to support a reasonable inference that Defendant was engaged in a consistent, ongoing fraudulent scheme to either present false or fraudulent claims for payment (31 U.S.C. § 3729 (a)(1)(A)) or to make or use false records or statements material to a false or fraudulent claim (§ 3729 (a)(1)(B))." Panarello, 2014 WL 1315367, at 4. This was because the allegations failed to comply with Rule 9(b)'s particularity requirement. See id. at *4-*6. This Court further found that Relator's failure to plead his claims with sufficient particularity precluded consideration of

> the applicability of the Davis-Bacon Act to any particular claim; Defendant's statute of limitations defense; or whether any of the alleged § 3729 (a)(1)(A) claims occurred prior to May 20, 2009, at which time this section required that an allegedly fraudulent claim be presented directly to a governmental or military employee, thereby precluding liability for false claims presented to a governmental contractor even where government funds were expended as a result.

Id. at *6. This Court therefore dismissed Relator's amended complaint for failure to state a claim, but granted him leave to file a second amended complaint that would meet Rule 9(b)'s requirements. See id.

In the second amended complaint presently before this Court, Relator alleges that Defendant "knowingly submitted and caused the submission of false or fraudulent claims to the United States of America . . . for the construction of playgrounds and to obtain payments under those contracts to which [Defendant] was not lawfully entitled." (Second Amended Complaint ("SAC"), Docket No. 43, ¶ 2.) Relator further alleges that the Davis-Bacon Act applies to the contracts at issue and that Defendant "falsely stated and/or

certified, by implication, that [it] complied with the prevailing wage requirements of the Davis-Beacon Act . . . [but] failed to pay the applicable prevailing wages due to workers pursuant to the Davis-Beacon Act for playground construction projects for the United States of America . . . ." (SAC, ¶¶ 3, 16-21, 27-32.)  In other words, Defendant submitted false claims in connection with payments sought under playground construction contracts it entered with the United States, and the work done pursuant to those contracts was required to have been done by workers earning prevailing wages under the Davis-Bacon Act, but those workers were not paid those prevailing wages, contrary to Defendant's implied representations.  (SAC, ¶ 15.)

Relator alleges that Defendant was and is the general contractor under certain "playground construction contracts" entered into with the United States "from at least 2004 up to and including the present, and continuing."  (SAC, ¶¶ 22, 23.)  Some of these contracts were allegedly financed with funds awarded under the Head Start Program and are subject to the Davis-Bacon Act requirements pursuant to 45 C.F.R. § 1309.54.  (SAC, ¶¶ 24, 25.) Other contracts, including those involving hospitals, elementary and secondary schools, and public colleges, were financed with federal funds.  (SAC, ¶ 26.)  For all of these contracts, Defendant was and is required to comply with the provisions of the Davis-Bacon Act and ensure that all workers are paid the required prevailing wages.  (SAC, ¶¶ 27-32.)

According to Relator, Defendant presented false claims to the United States to obtain the construction contracts and to obtain payment under the contracts.  (SAC, ¶ 43.) Relator alleges that Defendant knew of its obligations under the Davis-Bacon Act; knew that it was obligated to include in every contract terms expressly certifying that the contract

would be performed in compliance with the Davis-Bacon Act; and knew that its entitlement to payment by the United States under the contracts was expressly conditioned on its compliance with the Davis-Bacon Act. (SAC, ¶¶ 44-46.) Yet Defendant allegedly obtained and entered into contracts with the United States that failed to include terms expressly certifying that the contracts would be preformed in compliance with the Davis-Bacon Act; submitted false claims to the United States in the form of invoices for payment under the contracts knowing that it had failed to comply with the Davis-Bacon Act; and certified falsely, by making a claim for payment, that it had complied with the Davis-Bacon Act with respect to the contracts and was thus entitled to payment, when in fact it knew that it was not entitled to payment due to its noncompliance with the Davis-Bacon Act. (SAC, ¶¶ 51-53.)

Relator further alleges that Defendant engaged his company, Celtic Builders, Inc., as a subcontractor for approximately 207 contracts relating to playground construction between 2004 and 2010. (SAC, ¶ 35.) Attached to the second amended complaint is an exhibit identifying the contracts for which Defendant used Celtic Builders as a subcontractor and failed to comply with the Davis-Bacon Act. (SAC, ¶ 36, Exhibit A.) Defendant's failure to comply with the Davis-Bacon Act from 2004 through 2010 caused actual underpayment of wages to workers of not less than $510,709. (SAC, ¶ 37, Exhibit A.) During that same time period, Defendant submitted claims to the United States for payments under the construction contracts with Celtic Builders as the subcontractor amounting to not less than $6,000,000. (SAC, ¶ 38.)

Relator's second amended complaint also sets forth exemplar allegations relating to five individual construction projects, wherein Defendant allegedly failed to comply with

4

the provisions of the Davis-Bacon Act, yet nonetheless submitted invoices for payment by the United States, the payment of which was expressly conditioned on Defendant's compliance with the Davis-Bacon Act. (SAC, ¶¶ 54-61, 62-69, 70-77, 78-85, 86-93.)

Relator alleges that, by this conduct, Defendant "knowingly presented, or caused to be presented, false or fraudulent claims to the United States Government for payment or approval, including claims for payment with respect to Playground Construction Contracts with respect to which [Defendant] failed to comply with the Davis-Bacon Act," in violation of 31 U.S.C. § 3729 (a)(1)(A). (SAC, ¶ 98.) He also alleges that Defendant "knowingly made, used, or caused to be made or used, false records or statements material to its false or fraudulent claims," in violation of 31 U.S.C. § 3729 (a)(1)(B). (SAC, ¶ 99.)

### III. DISCUSSION

**A.    Legal Standards**

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6), this Court must accept all factual allegations in the complaint as true and make all reasonable inferences in Relator's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). To survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678. "A

claim has facial plausibility when the [relator] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Claims made under the False Claims Act are subject to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1476-77 (2d Cir. 1995). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This provision does not conflict with the FCA's caveat that "no proof of specific intent to defraud is required" to state a claim under it, 31 U.S.C. § 3729(b)(1)(B), inasmuch as Rule 9(b) similarly allows for "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally." Fed. R. Civ. P. 9(b); see Gold, 68 F.3d at 1477.

"Rule 9(b) is designed to further three goals: (1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike [or other such nuisance] suits." DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987). Accordingly, a claim sufficiently stated in accordance with this rule must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993).

**B.     Defendant's Motion to Dismiss**

Defendant seeks dismissal of the second amended complaint on the basis that Relator's claims are not pled with sufficient particularity, that he fails to state a claim upon which relief can be granted, that he failed to sufficiently allege "presentment," and that any

claims occurring before April 22, 2005, are barred by the statute of limitations. Relator bring his claims under 31 U.S.C. §§ 3729(a)(1)(A) and (a)(1)(B).

### 1. Claims under 31 U.S.C. § 3729(a)(1)(A)

Liability is imposed under § 3729(a)(1)(A) on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." To establish an FCA claim, the plaintiff must prove that the defendant "(1) made a claim, (2) to the United States government, (3) that is false or fraudulent, (4) knowing of its falsity, and (5) seeking payment from the federal treasury." Mikes v. Straus, 274 F.3d 687, 695 (2d Cir. 2001).

Relator asserts an implied certification theory, which is premised "on the notion that the act of submitting a claim for reimbursement itself implies compliance with governing federal rules that are a precondition to payment." Mikes, 274 F.3d at 699. This theory is applicable only when the underlying statute expressly conditions payment on compliance. Mikes, 274 F.3d at 700. Thus, liability ensues "when a defendant submits a claim for reimbursement while knowing . . . that payment expressly is precluded because of some noncompliance by the defendant." Mike, 274 F.3d at 700.

Here, Relator's allegations are sufficient to set forth claims under § 3729(a)(1)(A). First, he alleges that Defendant submitted claims for payment to the United States, or a qualifying representative thereof, by submitting invoices for payment to specified federally-funded entities, to be paid from the federal treasury. (SAC, ¶¶ 2, 15, 38, 42, 52, 61, 69, 77, 85, 93, 94.) Second, Relator alleges that Defendant's claims were false or fraudulent and that Defendant knew of their falsity. (SAC, ¶¶ 2, 3, 44-46, 48, 50, 52, 53, 58, 66, 74, 82, 90, 94.) And consistent with his implied certification theory, Relator alleges that

Defendant sought payment of its submitted invoices despite knowing that payment was conditioned on Defendant's compliance with the Davis-Bacon Act. (SAC, ¶¶ 18, 20, 24-32, 44-46, 48, 50, 52, 53.)

Defendant argues that Relator's allegations lack the necessary particularization to state a fraud claim. But Relator's allegations identify the false documents (invoices) by specific contract number, who submitted them for payment (Defendant), where they were submitted (to specified federally-funded entities), approximately when they were submitted (month and date), and what was false about them (implied certification of compliance with the Davis-Bacon Act). In this Court's view, this minimally meets the Rule 9 (b) particularity requirements. See Mills, 12 F.3d at 1175; United States ex rel. Siegel v. Polansky v. Pfizer, No. 04-CV-0704 (ERK), 2009 WL 1456582, at *4 (E.D.N.Y. May 22, 1999) (finding that a FCA complaint must allege with particularity the "who, what, when, where and how of the alleged fraud") (quoting United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997)).

Defendant next argues that Relator fails to sufficiently allege that the claims Defendant submitted to the United States were actually false or fraudulent. In particular, Defendant argues that Relator fails to demonstrate that the Davis-Bacon Act applies to Defendant's conduct, such that Defendant could be making a false, implied certification. Again, however, this Court finds that Relator's pleading is sufficient.

The Davis-Bacon Act requires that for every contract in excess of $2,000 entered by the United States for "construction, alteration, or repair, including painting and decorating, of public buildings and public works," prevailing wages must be paid to mechanics and laborers. See 40 U.S.C. §§ 3142 (a) and (b). In the event a contractor

fails to pay prevailing wages as required, the contracting officer may withhold full payment from the contractor in order to pay the laborers and mechanics the difference between what they received from the contractor and the prevailing wage required to be paid under the contract.  See 40 U.S.C. § 3142 (c)(3); see also 40 U.S.C. § 3144 (a)(1) (authorizing the Secretary of Labor to "pay directly to laborers and mechanics from any accrued payments withheld under the terms of a contract any wages found to be due laborers and mechanics under this subchapter"); 29 C.F.R. § 5.9 (authorizing suspension of funds to contractors who do not pay the prevailing wages required by qualifying contracts).  In other words, a contractor is not entitled to full payment unless it has paid the wages required in a qualifying contract.

Here, Relator alleges that the contracts Defendant entered into with the United States and/or its representatives required that prevailing wages be paid under the Davis-Bacon Act, and that Defendant failed to pay those prevailing wages and instead falsely certified by implication that it had.  (SAC, ¶¶ 3, 17-21, 24-27, 46, 51-53.)  He has further alleged that payment by the United States was conditioned on Defendant's compliance with the Davis-Bacon Act.  (SAC, ¶¶ 18, 20, 29, 46, 52, 56, 64, 72, 80, 88.)  Thus, these allegations sufficiently allege that the Davis-Bacon Act applies to Defendant's conduct and that Defendant made false, implied certifications.[1]

Finally, Defendant argues that Relator fails to adequately allege that it submitted a false claim knowingly for the purpose of seeking payment from the United States.  This

---

[1] Consideration of Defendant's various reasons why the Davis-Bacon Act does not apply to the contracts at issue and the sales and work provided thereunder would require a fact-based inquiry, which is premature at this stage of the litigation.

Court disagrees. Relator's allegations that Defendants had actual knowledge of its obligation to comply with Davis-Bacon (SAC, ¶¶ 44-50) are sufficient at this stage to state a claim. See Fed. R. Civ. P. 9 (b) (permitting knowledge to be alleged generally).

Consequently, this Court finds that Relator has set forth plausible claims under § 3729(a)(1)(A) sufficient to proceed to discovery.

### 2.     Claims under 31 U.S.C. §§ 3729(a)(1)(B)

Liability is imposed under § 3729(a)(1)(B) on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." To state a claim, the plaintiff must allege that "(1) defendant made, or caused to be made, a false or fraudulent record or statement, (2) the defendant knew it to be false or fraudulent, and (3) it was material to a claim." United States v. Dialysis Clinic, Inc., No. 5:09-CV-00710, 2011 WL 167246, at *13 (N.D.N.Y. Jan. 19, 2011).

For all the reasons stated above, this Court finds that Relator's allegations sufficiently state a claim under § 3729(a)(1)(B). In addition to its arguments rejected above, Defendant contends that the second amended complaint fails to specify what records or statements were false or fraudulent and whether those records or statements were material to Defendant's claims for payment. But as noted, Relator plainly alleges that the false records or statements are the invoices submitted for payment, which were false or fraudulent due to the implied certification that Defendant adhered to its obligations under the Davis-Bacon Act. And for the reasons already discussed, the false implied certification was material to Defendant's claim because Defendant was allegedly otherwise not entitled to full payment from the United States.

Consequently, this Court finds that Relator has set forth plausible claims under §

3729(a)(1)(B) sufficient to proceed to discovery.

### 3. Presentment

Defendant argues that if any of Relator's claims survive, those occurring before May 20, 2009, must be dismissed because the second amended complaint does not sufficiently plead any claims that Defendant presented false claims for payment to "an officer or employee of the United States Government or a member of the Armed Forces of the United States."[2]  31 U.S.C. § 3729 (a)(1) (2008).  This Court agrees.

The Fraud Enforcement and Recovery Act of 2009 ("FERA") amended the FCA. The pre-FERA version of the FCA established liability only when false claims were presented "to an officer or employee of the United States Government or a member of the Armed Forces of the United States."  Id.; see also United States ex rel. Kester v. Novartis Pharm. Corp., 23 F. Supp. 3d 242, 250 (S.D.N.Y. 2014).  FERA expanded the FCA presentment requirements for all claims after May 20, 2009, by establishing liability when false claims are presented "to an officer, employee, or agent of the United States" or "to a contractor, grantee, or other recipient, if the money or property is to be spend or used on the Government's behalf or to advance a Government program or interest, and if the United States Government . . . provides or has provided any portion of the money or property requested or demanded."  31 U.S.C. § 3729 (b)(2)(A)(I)-(ii); Kester, 23 F. Supp. 3d at 251.

Relator's second amended complaint does not state any pre-FERA claims with sufficient particularity.  At best, there is reference to possible pre-FERA claims in the

---

[2] Defendant also argues that Relator's post-FERA claims are insufficiently alleged, but for reasons already stated, this Court finds Relator's post-FERA presentment allegations sufficient to state a claim.

attached Exhibit A, but no pre-FERA claims are set forth in the body of the second amended complaint as exemplars nor does the information contained in Exhibit A state any pre-FERA claims with the required particularity. Consequently, any pre-FERA claims are dismissed.[3]

## IV. CONCLUSION

Defendant's Motion to Dismiss is granted to the extent it seeks dismissal of Relator's pre-FERA claims and denied in all other respects. Relator's Motion for Leave to Subpoena Documents Prior to Rule 26(f) Conference and Defendant's Motion to Quash Subpoenas are denied as moot. Discovery will proceed in the normal course.

## V. ORDERS

IT HEREBY IS ORDERED that Defendant's Motion to Dismiss (Docket No. 46) is GRANTED in part and DENIED in part, consistent with the foregoing decision.

FURTHER, that Relator's Motion for Leave to Subpoena Documents Prior to Rule 26(f) Conference (Docket No. 57) is DENIED as moot.

FURTHER, that Defendant's Motion to Quash Subpoenas (Docket No. 48) is DENIED as moot.

SO ORDERED.

Dated: February 29, 2016
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge

---

[3] In light of this finding, Defendant's request to dismiss Relator's pre-April 22, 2015 claims on statute of limitations grounds is moot.