UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA, *ex rel.*,
JOHN PANARELLO,

                  Plaintiff,

v.

KAPLAN EARLY LEARNING COMPANY,

                  Defendant.
_____

**REPORT AND RECOMMENDATION**

11-CV-00353-WMS-JJM

        This is a *qui tam* action in which the relator, John Panarello, seeks to recover damages and civil penalties on behalf of the United States arising from allegedly false claims for payment submitted by defendant Kaplan Early Learning Company ("Kaplan") in violation of the False Claims Act ("FCA"), 31 U.S.C. §3729(a)(1). Before the court is Kaplan's motion pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) to dismiss Panarello's Third Amended Complaint for failure to state a claim upon which relief may be granted [110].[1] Having considered the parties' submissions [110, 114, 115, 118], for the following reasons I recommend that Kaplan's motion be granted.

## DISCUSSION

        Familiarity with the relevant background is presumed. By Report and Recommendation dated November 14, 2016, I recommended that Panarello's "Second Amended Complaint be dismissed, without prejudice to repleading in light of <u>Escobar</u> [<u>Universal Health Services, Inc. v. United States and Massachusetts, ex rel. Julio Escobar and Carmen Correa</u>, 579 U.S.___, 136 S. Ct. 1989 (2016)]". [96], p. 12. That Report and Recommendation was subsequently

---

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to the documents themselves rather than to CM/ECF pagination.

adopted by District Judge William M. Skretny [104]. Thereafter, Panarello filed a Third Amended Complaint [107], to which the pending motion is directed.

Kaplan argues that dismissal is warranted for three independent reasons: first, that "[t]he Davis-Bacon Act ('DBA'), 40 U.S.C. §3141 *et seq.*, is inapplicable to the contracts at issue" ([110], ¶1); secondly, that "the Third Amended Complaint fails to meet the materiality standard set forth in [Escobar] (id., ¶2); and finally, that "the Third Amended Complaint fails to properly allege scienter . . . and does not meet the heightened pleading standard as required under Rule 9(b)" (id., ¶3). Since I conclude that the Third Amended Complaint fails to plausibly allege materiality, I need not address Kaplan's other arguments.

"[A] misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's payment decision in order to be actionable under the False Claims Act." Escobar, 136 S. Ct. at 2002. "Specifically, to be material the government must have made the payment as a result of the defendant's alleged misconduct." Coyne v. Amgen, Inc., ___Fed. Appx.___, 2017 WL 6459267, *2 (2d Cir. 2017) (Summary Order); United States v. Strock, 2018 WL 647471, *8 (W.D.N.Y. 2018). "[T]he complaint must present concrete allegations from which the court may draw the reasonable inference that the misrepresentations . . . caused the Government to make the reimbursement decision." Coyne, *2.[2]

The materiality standard is both "demanding" and "rigorous". Escobar, at 2003, 2004, n. 6. Materiality must be alleged "with plausibility and particularity . . . [supported by] facts". Id. at 2004, n. 6. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts

---

[2]  Although my November 14, 2016 Report and Recommendation distinguished between materiality and causation ([96], p. 11, n. 8), Coyne and Strock do not. Recognizing that these decisions issued after briefing had concluded, Panarello may address them either in a motion for reconsideration directed to me on or before March 22, 2018, or in objections to Judge Skretny.

that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

Escobar holds that "proof of materiality can include . . . evidence that the defendant knows that the Government *consistently* refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement." 136 S. Ct. at 2003 (emphasis added).[3] Tracking that language, the Third Amended Complaint alleges "that Kaplan knew or should have known that the Government regularly and consistently refuses to pay claims for federally funded construction projects where the prevailing wage requirements of the Davis-Bacon Act have been violated" ([107], ¶67); that "[h]ad the government] known that Kaplan was not complying with its obligations under the Davis-Bacon Act . . . no payments would have issued to Kaplan" (id., ¶115); and that "[b]y reason of Kaplan's acts, the United States has been damaged, and continues to be damaged". Id., ¶121.

However, Panarello's allegation that the government "regularly and consistently" refuses to pay claims under these circumstances is made "upon information and belief". Id., ¶22. While the "plausibility standard does not prevent a plaintiff from pleading facts upon information and belief where the facts are peculiarly within the control of the defendant" (Keiler v. Harlequin Enterprises Ltd., 751 F.3d 64, 71 (2d Cir. 2014)), here the facts relative to whether the government "regularly and consistently" withholds payment for Davis-Bacon Act violations are not peculiarly within Kaplan's control - instead, they are within the control of the government which, although not

---

[3] "Consistently" means "in every case or on every occasion; invariably". Oxford Online Dictionary (https://premium.oxforddictionaries.com). It is synonymous with "always". Merriam-Webster Unabridged Online Dictionary (http://unabridged.merriam-webster.com).

formally a party to this action, is by its own admission "the real party in interest". Statement of Interest [93], p. 1. Therefore, under these circumstances Panarello may not plausibly allege "upon information and belief" that the government regularly and consistently refuses to pay in the face of Davis-Bacon Act violations.

Moreover, Kaplan points out that Panarello "fails to allege any additional factual information for the basis of this belief", and argues that "[t]his is plainly a legal conclusion couched as fact" which is "insufficient to state a claim under the FCA". Kaplan's Memorandum of Law [110-7], pp. 14-15. I agree. Although the Third Amended Complaint alleges that the Davis-Bacon Act "expressly conditions payment under any construction contract with the United States upon compliance with the Davis-Bacon Act . . . and expressly provides for payment to be withheld from the contractor in the event of noncompliance" ([107], ¶18), Escobar makes clear that "[a] misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment. Nor is it sufficient for a finding of materiality that the Government would have the option to decline to pay if it knew of the defendant's noncompliance." 136 S. Ct. at 2003. *See also* Coyne, 2017 WL 6459267, *2.

"[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." Iqbal, 556 U.S. at 686. Aside from the allegations in ¶18 of the Third Amended Complaint (and others like it, such as ¶¶19, 20, 30, 68) which are clearly insufficient in light of Escobar, Panarello offers no factual support for his conclusory statement that the government "consistently" (*i.e.* invariably) refuses payment where the Davis-Bacon Act has been violated. Iqbal makes clear that a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement". 556 U.S. at 678. Therefore, "[w]hen

allegations, though disguised as factual, are so threadbare that they omit any meaningful factual content, we will treat them as what they are: naked conclusions." A.G. ex rel. Maddox v. v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013).

"[T]he plaintiff is the master of the complaint." Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002). Panarello chose to broadly allege that the government "regularly and consistently refuses to pay claims" where the Davis-Bacon Act has been violated ([107],¶¶22, 67). For the reasons stated, I conclude that that broad allegation does not plausibly allege materiality. I need not consider whether a different allegation might have been plausible: "my concern is with whether the Relator alleged, not with what he could have alleged . . . . [T]he court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her. It is enough to view the basic complaint." United States v. Allstate Insurance Co., 2014 WL 10748104, *10 (W.D.N.Y. 2014), adopted, 2016 WL 463732 (W.D.N.Y. 2016), aff'd, 686 Fed. App'x 23 (2d Cir. 2017).

Since materiality is an essential element of a claim for violation of the False Claims Act (Escobar, 136 S. Ct. at 2002), the Third Amended Complaint fails to state a cause of action.

## CONCLUSION

For these reasons, I recommend that Kaplan's motion [110] be granted and that the Third Amended Complaint be dismissed, with prejudice as to Panarello,[4] but without prejudice to the government's ability to assert claims on its own behalf. See United States ex rel. Takemoto v. The Hartford Financial Services Group, Inc., 157 F. Supp. 3d 273, 284, n. 12 (W.D.N.Y. 2016),

---

[4] Panarello has not requested leave to again amend if the motion is granted. In any event, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint". City of Los Angeles v. San Pedro Boat Works, 635 F.3d 440, 454 (9th Cir. 2011).

aff'd, 674 Fed. App'x 92 (2d Cir. 2017) ("[d]ismissal of the Relator's Amended Complaint can have no preclusive effect as to the government, which is not a party to this action").

Unless otherwise ordered by Judge Skretny, a motion for reconsideration pursuant to footnote 2, or objections to this Report and Recommendation, must be filed with the clerk of this court by March 22, 2018. Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 8, 2018

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge